IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ROBERT MILLER | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:19cv364 |
| BRIAN COLLIER, ET AL. | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Robert Miller, an inmate confined at the Hodge Unit in Rusk, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Brian Collier, William Jones, Lorenzo Bustos, Deanna Pearson, and Abraham Vega.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges.

Analysis

Plaintiff complains that defendant Collier hired defendant Bustos who allegedly murdered plaintiff's parents and two brothers. Additionally, plaintiff claims defendant Jones has refused to ask detectives to investigate the murders. Finally, plaintiff claims defendant Pearson has refused to transfer him.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff states the defendants are employed at the Hodge Unit located in Rusk, Texas.

The claims which form the basis of plaintiff's complaint occurred at the Hodge Unit. As the events of which plaintiff complains took place at the Hodge Unit, plaintiff's claims arose in Rusk, Texas. In addition, the defendants in this action are located at the Hodge Unit in Rusk, Texas. The city of Rusk is located in Cherokee County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Cherokee County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Cherokee County is located in the Tyler Division of the United States District Court for the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Cherokee County is in the Eastern District of Texas, it is located in the Tyler Division of the district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Tyler Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

SIGNED this 30th day of September, 2019.

_____
Zack Hawthorn
United States Magistrate Judge